UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

vs.

Case No. 25-cr-20457

Hon. Stephen J. Murphy, III

Efrain Sierra,

Defendant.
_____/

**Government's Sentencing Memorandum**

Efrain Sierra is a convicted felon with a serious drug and alcohol abuse problem. When Sierra abuses drugs and alcohol, he hallucinates and misuses firearms. Sierra's behavior has fueled this potentially lethal combination of drugs, alcohol, and firearms, making him a danger to the community and himself.

Because of that danger, but also appreciating that with appropriate treatment, Sierra may eventually be stable enough to live safely in the community again, the government respectfully recommends the Court impose a sentence of 30 months, the bottom of the guideline range. Such a sentence is "sufficient, but not greater than

1

necessary" to fulfill the purposes of sentencing under 18 U.S.C. § 3553(a)(2).

## STATEMENT OF FACTS

A series of shots-fired calls and calls from concerned neighbors who saw Sierra in his yard pointing guns led police to execute a search warrant at Sierra's home, recover two firearms, and arrest him for illegally possessing firearms as a felon.

Between May 16, 2025, and May 23, 2025, there were 8 ShotSpotter gunshot detections and/or shots fired calls at or near Sierra's home. On June 4, 2025, police responded to yet another shots fired call. ShotSpotter showed shots fired behind the home. Officers searched and found one 5.56x45mm fired shell casing and four 9mm fired shell casings outside the home. Officers were unable to contact anyone at the home.

As officers prepared to leave, a citizen flagged them down and showed them a video. The video showed Sierra holding a pistol in one hand and a rifle in the other. Sierra appeared to be arguing with someone and pointing and waving the pistol at the same time. (In realityit appears Sierra was hallucinating. There was no one else

around). The concerned citizen also stated the person was firing shots into the air.



*Sierra appearing to point the pistol at someone or something in his backyard.*

The next day, police returned to Sierra's residence and executed a search warrant. Sierra was arrested. Inside the home, officers found a 5.56x45mm AR-15 style rifle and a 9mm Keltec pistol. They also found an open box of 5.56x45mm ammunition.

Sierra's father, who lives across the street, flagged down one of the officers while they were on scene. Sierra's father and his father's girlfriend expressed their concerns about Sierra's recent behavior, as documented in Sgt. Rios's report:



ATF agents researched the firearms seized from Sierra's residence. Agents discovered that despite being a convicted felon, Sierra purchased the 5.56 AR-style rifle at an FFL in Dearborn, Michigan, 4 days prior on June 1. Sierra completed an ATF Form 4473 during the purchase and falsely stated on the form that he had never been convicted of a felony. Nonetheless, for unknown reasons, the FBI NICS background check process failed to stop the transaction, and the FFL sold the firearm to Sierra.

## ADVISORY GUIDELINE RANGE

The United States Probation Department calculated Sierra's guideline range as 30 to 37 months, based upon a total offense level of 19 and criminal history category of I. The government agrees with this guideline calculation.

## **SECTION 3553(a) FACTORS**

Through 18 U.S.C. § 3553(a), Congress provided the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution. As explained below, these factors support a sentence at the bottom of the guideline range.

1. **The nature and circumstances of the offense, and the history and characteristics of the defendant.**

    *A. The nature and circumstances of the offense*

    Sierra's offense conduct here is serious, despite being driven by his addiction and substance abuse issues. Those issues alone are a concern and make Sierra a risk to the public and himself. But Sierra has added firearms to the equation. And as a convicted felon, Sierra knows he

-5-

cannot have firearms whatsoever, let alone while under the influence of drugs and alcohol.

Sierra also lied to a gun dealer so he could buy another gun a few days before his arrest. Whatever role drugs and alcohol had in his desire to possess a firearm, he had enough awareness about him to take such steps as going to a gun store, picking out a gun, and falsely filling out an ATF Form 4473. Thus, while no one was hurt, this is still a very serious offense. But for timely law enforcement intervention, Sierra's conduct and mental state could easily have led to serious injury or death for himself or others.

   B. *The history and characteristics of the defendant*

Sierra has a lengthy criminal history including offenses of violence such as home invasion, domestic violence, and attempted felonious assault. Most of his prior cases also involved alcohol or drugs. A sentence of 30 months and appropriate substance abuse and mental health treatment is necessary taking into account his history and characteristics.

His most serious recent offense came in 2014, when he threatened his girlfriend's daughter with a knife and liquor bottle. In 2020, he

crashed his car and seriously injured himself while driving with a 0.30 blood alcohol content.

Sierra's family is well aware of the danger he presents when he uses drugs and alcohol, and they have reported those concerns to law enforcement in the past. Notably, they continue to support him. That support will be necessary if he is to overcome these problems and break free from his past issues.

But Sierra's problems are not limited to drugs and alcohol. His problems include guns. And for whatever reason, when he abuses drugs and alcohol, he becomes paranoid and convinced he needs to arm and defend himself against imaginary threats.

Sierra's history and characteristics support a sentence at the bottom of the guideline range, 30 months, that includes appropriate substance abuse and mental health treatment, both during and after incarceration.

2. **The need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, protection of the public, and rehabilitation).**

A sentence at the bottom of the guidelines is consistent with the essential goals of sentencing. Such a sentence emphasizes the serious

nature of the offense, and it will provide a just punishment for Sierra's criminal conduct. While Sierra professes to appreciating the seriousness of his conduct now, and his family notes he has changed, a sentence of 30 months will give Sierra sufficient time to further reflect on the decisions that led to him being incarcerated and separated from his family. Such a sentence will also serve to deter him, because he will have to weigh whatever temptation he may face to return to this behavior against the risk that he will go back to prison and be separated from his family for even longer periods of time.

Sierra demonstrates a significant and apparently genuine self-awareness that is often absent among similar defendants. He admits to having a drug and alcohol problem. And he knows that he needs treatment, both while incarcerated, and after release. Sierra's sentence must include intensive drug and alcohol treatment if there is to be any chance of deterring him in the future.

While Sierra denies any mental health issues, based upon the facts of this case and information reported by Sierra's family, the government also strongly recommends that Sierra complete a comprehensive mental health assessment and any recommended

treatment. A three-year term of supervised release to follow any period of incarceration is necessary to ensure adequate community supervision for Sierra, given the great risk to public safety if he uses drugs or alcohol again.

## CONCLUSION

For the reasons argued above, the government requests that this Honorable Court sentence Efrain Sierra to a 30-month term of incarceration, the bottom of the guideline range.

    Respectfully Submitted,

    JEROME F. GORGON JR.
    United States Attorney

    s/*Andrew R. Picek*
    Andrew R. Picek
    Assistant United States Attorney
    211 West Fort Street, Suite 2001
    Detroit, Michigan 48226
    313-226-9652
    andrew.picek@usdoj.gov

Dated:  January 8, 2026

## **CERTIFICATE OF SERVICE**

      I certify that on January 8, 2026, I electronically filed this motion for the United States with the Clerk of the United States District Court for the Eastern District of Michigan using the ECF system, which will send notification of such filing to all counsel of record.

                                    */s/ Andrew R. Picek*
                                    Andrew R. Picek
                                    Assistant United States Attorney
                                    United States Attorney's Office
                                    Eastern District of Michigan
                                    211 West Fort Street, Suite 2001
                                    Detroit, Michigan 48226
                                    (313) 226-9652
                                    andrew.picek@usdoj.gov