# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EFRAIN SIERRA,

    Defendant.

_____/

Case No. 2:25-CR-20457

HON. STEPHEN J. MURPHY, III

## **DEFENDANT'S SENTENCING MEMORANDUM**

## INTRODUCTION

Efrain Sierra, a 48-year-old man with no countable criminal history points, respectfully requests that this Court impose a sentence of one year and one day, followed by a term of supervised release with substance abuse treatment conditions. This sentence is sufficient but not greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).

Mr. Sierra's predicate felony convictions are nearly three decades old and involved non-violent property offenses committed when he was barely an adult. He has maintained a stable, loving relationship for 26 years, and his aging father—who recently suffered a stroke—depends on him. Mr. Sierra accepts full responsibility for possessing

1

ammunition as a prohibited person and acknowledges that alcohol abuse contributed to his poor judgment. He is committed to treatment and to being present for his family.

## STATEMENT OF FACTS

On June 4, 2025, Detroit Police responded to ShotSpotter alerts and neighbor reports of gunfire in the vicinity of 5█1 Cecil Street. A neighbor provided video footage of a man matching Mr. Sierra's description in the backyard with firearms. The following day, officers executed a search warrant at the residence and recovered two firearms—including one stolen firearm—and ammunition. Mr. Sierra was arrested.

Mr. Sierra pled guilty to Count 1 of the Indictment, Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1), pursuant to a Rule 11 Plea Agreement. The government agreed to dismiss Count 2. Mr. Sierra has been detained since June 9, 2025, and will have served approximately seven months by the time of sentencing.

## GUIDELINE CALCULATION

The Presentence Report calculates a Total Offense Level of 19 and Criminal History Category I, yielding an advisory guideline range of 30 to 37 months. Defense counsel has no objections to the guideline calculations.

## ARGUMENT

*A Sentence of One Year and One Day Is Sufficient But Not Greater Than Necessary*

The advisory guideline range is merely the "starting point and the initial benchmark" for sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). The Court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2). The § 3553(a) factors weigh heavily in favor of a below-guidelines sentence.

**I.   The Nature and Circumstances of the Offense and History and Characteristics of the Defendant Favor a Variance. § 3553(a)(1).**

   A.   *The Prior Felonies Are Ancient and Non-Violent.*

Mr. Sierra's status as a prohibited person derives from two felony convictions that occurred nearly 30 and 24 years ago, respectively. In 1996, at age 19, he was convicted of Breaking and Entering a Vehicle to Steal Property—a non-violent property offense arising from a youthful mistake involving stolen car speakers. In 2001, at age 23, he was convicted of Home Invasion, Second Degree, another property offense. Neither conviction involved violence against any person.

These decades-old, non-violent property offenses pale in comparison to the predicate convictions often seen in § 922(g) cases—violent felonies, serious drug trafficking offenses, or recent criminal conduct. The staleness of Mr. Sierra's predicates

3

reflects a man who committed youthful property crimes and has not been convicted of a felony in 24 years. This context strongly supports a variance.

### B.   *Mr. Sierra's Criminal History Category Already Accounts for His Record.*

The criminal history calculation yielded zero points, placing Mr. Sierra in Criminal History Category I—the lowest category. Every prior conviction falls outside the relevant counting window. The Guidelines already account for Mr. Sierra's minimal recent criminal involvement. A within-guidelines sentence would fail to recognize that his criminal history score accurately reflects his current risk profile.

### C.   *Mr. Sierra Has Deep Family Ties and Responsibilities.*

For 26 years, Mr. Sierra has maintained a committed relationship with Candelaria Diaz. Ms. Diaz describes him as "a really good guy" and "a hard worker" whose alcoholism led him astray. She reports that since his detention, "I've noticed a change. He's regretting his choices and being away from his father and family."

Most urgently, Mr. Sierra's 83-year-old father suffered a stroke in the summer of 2025 and now requires daily assistance with basic activities. Mr. Sierra's father has Crohn's disease, kidney issues, and diabetes in addition to the stroke's effects. Ms. Diaz and her daughter have stepped in to provide care during Mr. Sierra's detention, but this arrangement places enormous strain on the family. Mr. Sierra is desperate to return

4

home and fulfill his responsibility to his father during what may be his father's final years.

### D. *Mr. Sierra Acknowledges His Substance Abuse and Needs Treatment.*

Mr. Sierra candidly acknowledges that alcohol abuse contributed to the instant offense. His blood alcohol level following a 2020 car accident was 0.30—nearly four times the legal limit. He has multiple alcohol-related criminal contacts. He completed inpatient treatment at Personalized Nursing LIGHT House and recognizes he needs continued support.

The TCU assessment administered during the presentence interview indicated a "relatively high risk of future substance abuse-related issues." Mr. Sierra reported that he believes his substance abuse problems are "considerably serious" and that treatment is "considerably important." His honesty about his struggles reflects genuine insight and readiness for change.

## II. A Sentence of One Year and One Day Provides Adequate Deterrence. § 3553(a)(2)(B).

A year and a day in federal prison—followed by supervised release with rigorous conditions—provides adequate specific deterrence. Mr. Sierra has now been detained for approximately seven months. He has experienced the reality of federal incarceration: separation from his ailing father, his long-term partner, and his community. This experience has made a profound impression.

As Ms. Diaz observed, detention has already prompted Mr. Sierra to reflect deeply on his choices. He speaks daily with his father by phone and is acutely aware of the time he is missing with him. Additional months of incarceration would not meaningfully increase deterrence—but they would deprive an elderly stroke victim of his son's presence and care.

### III. Supervised Release Adequately Protects the Public. § 3553(a)(2)(C).

Public safety is best served by a period of supervised release with appropriate conditions rather than extended incarceration. Mr. Sierra's risk to the community stems primarily from his alcohol abuse—not from any predatory or violent tendencies. A robust supervised release term with substance abuse testing, treatment, alcohol prohibition, and search conditions will provide meaningful oversight and accountability.

The Probation Department has already identified appropriate special conditions, including substance abuse testing, alcohol prohibition, outpatient treatment, and a search condition. These conditions, combined with regular probation officer contact, will monitor Mr. Sierra's progress and protect the community far more effectively than additional prison time.

**IV. Supervised Release Provides Treatment in the Most Effective Manner. § 3553(a)(2)(D).**

Mr. Sierra's primary rehabilitative need is sustained substance abuse treatment integrated with family support. Community-based treatment under supervised release—where he can access local programs while maintaining family connections and employment—will be more effective than institutional treatment followed by release without support structures.

Research consistently demonstrates that community-based treatment produces better long-term outcomes than institutional programs alone. Mr. Sierra has family members willing to support his recovery. A sentence that allows him to return to his community sooner—under close supervision—serves the rehabilitative purposes of sentencing.

**V. The Requested Sentence Avoids Unwarranted Disparity. § 3553(a)(6).**

The JSIN data cited in the PSR reveals that 15% of defendants with identical guideline calculations received non-prison sentences. Among those who received prison sentences, the average was 25 months and the median was 26 months. A variance to one year and one day falls within the range of sentences imposed nationally for similarly situated defendants, particularly those with ancient, non-violent predicate offenses and demonstrated family responsibilities.

**VI.     The Significance of One Year and One Day.**

A sentence of one year and one day—rather than twelve months—allows Mr. Sierra to earn good-time credit under 18 U.S.C. § 3624(b), potentially reducing his actual time served to approximately ten months. Given that Mr. Sierra will have served approximately seven months by sentencing, he would be eligible for release shortly thereafter. This structure allows him to return to his father and partner while ensuring meaningful punishment and the transition to supervised release.

## CONCLUSION

Efrain Sierra is a 48-year-old man whose felony record consists of two non-violent property offenses committed when he was barely an adult. He has maintained a loving relationship for over a quarter century. His elderly father needs him. He has acknowledged his substance abuse problem and is committed to treatment.

A sentence of one year and one day, followed by supervised release with substance abuse treatment conditions, is sufficient but not greater than necessary to achieve the purposes of sentencing. Mr. Sierra respectfully requests that this Court grant the requested variance.

        Respectfully submitted,
        FEDERAL COMMUNITY DEFENDER

        */s/ Rhonda R. Brazile*
        Rhonda R. Brazile
        Attorney for Defendant Efrain Sierra
        613 Abbott Street, 5th Floor
        Detroit, MI 48226
        (313) 967-5850
        Rhonda_Brazile@fd.org

Dated: January 13, 2026